IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


HOWELL GREGORY LEWIS,

     Petitioner,

v.                                  CASE NO. 4:16-cv-60-RH-GRJ

SECRETARY, DEP'T
OF CORRECTIONS,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

     This case is before the Court on ECF No. 1, Petitioner's *pro se*

Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The

Petition stems from Petitioner's Liberty County conviction for trafficking in

Oxycodone. Petitioner asserts four grounds for relief in the Petition,

alleging that the state courts committed various errors. Respondent has

filed a response and appendix with relevant portions of the state-court

record, arguing that the Petition should be denied. (ECF No. 9.) Petitioner

has not filed a reply and the time for doing so has expired. Upon due

consideration of the Petition, the response, and the state-court record, the

undersigned recommends that the Petition should be denied.[1]

# I.  <u>State-Court Proceedings</u>

Petitioner was charged by second amended information with one count of trafficking in Oxycodone. (ECF No. 9-1 at 5.) On August 21, 2014, Petitioner entered an open plea of no contest with no sentence recommendation from the State, other than waiving the three-year minimum mandatory and guideline sentence. (*Id.* at 7–8, 11–12.) The State also agreed not to appeal any sentence imposed. (*Id.*) Petitioner also waived his right to appeal anything expect for the illegality of the sentence that would be imposed. (*Id.* at 19.) Petitioner was sentenced on September 8, 2014, to twenty-eight months imprisonment, followed by two-years of drug offender probation. (*Id.* at 52–53, 59, 61–68, 70–75.)

On March 2, 2015, Petitioner provided to prison officials for mailing a motion to correct illegal sentence pursuant to Fla. R. Crim. P. 3.800(a). (*Id.* at 77–83.)[2] Petitioner's arguments centered on his assertion that the sentence of imprisonment for more than 364 days as a condition of

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

[2] The clerk, however, stamped the motion as being filed on July 31, 2015. (ECF No. 9-1 at 77.)

probation violates the Florida statute governing probation. (*Id.*) On November 2, 2015, the postconviction court denied the motion as without merit because Petitioner was sentenced to prison followed by probation, not to prison as a condition of probation. (*Id.* at 85–86.)

Petitioner then filed a petition for writ of habeas corpus in the First DCA on June 16, 2015. (*Id.* at 88–111.) The First DCA instead construed the petition as a petition for writ of mandamus seeking to compel a ruling on the motion to correct illegal sentence filed in the postconviction court. (*Id.* at 13.) Thus, on June 25, 2015, the First DCA ordered Petitioner to serve a copy of the petition on the clerk of the postconviction court. (*Id.*)

Petitioner objected to treating the petition as seeking a writ of mandamus, which the First DCA construed as a motion for rehearing. (*Id.* at 115–21.) On July 29, 2015, the First DCA denied the motion for rehearing, re-directed Petitioner to serve a copy of the petition on the clerk of the postconviction court, and directed Petitioner to file a supplemental certificate of service demonstrating compliance with the court's order. (*Id.* at 121.) Despite the First DCA's order, Petitioner filed a motion to hear and rule on his objections. (*Id.* at 123–29.) The First DCA denied the motion to hear and rule on September 1, 2015. (*Id.* at 132.)

While the petition for writ of mandamus was pending in the First

DCA, Petitioner filed a petition for writ of habeas corpus in the Florida

Supreme Court. (*Id.* at 148–60.) By September 28, 2015, however,

Petitioner still had not filed a supplemental certificate of service

demonstrating compliance with the First DCA's order dated July 29, 2015.

(*Id.* at 134.) Thus, the First DCA ordered Petitioner to show cause why the

petition for writ of mandamus should not be dismissed for failure to comply

with a court order. (*Id.*)

Petitioner responded to the First DCA's order to show cause on

October 6, 2015, by providing proof that he had filed his petition for writ of

habeas corpus in the Florida Supreme Court. (*Id.* at 136–37.) On October

13, 2015, the First DCA directed Petitioner to serve a copy of his response

on the Attorney General and file a supplemental certificate of service within

ten days demonstrating compliance with the court's order. (*Id.* at 139.)

Petitioner thereafter complied on October 19, 2015, by providing a

supplemental certificate of service. (*Id.* at 141.) The First DCA, however,

per curiam dismissed the petition for writ of mandamus without written

opinion on November 13, 2015. (*Id.* at 146.)

Eventually, on December 7, 2015, the Florida Supreme Court denied

Petitioner's petition for writ of habeas corpus as procedurally barred. (ECF

No. 9-2 at 35.) Petitioner then filed the instant Petition in this Court on January 25, 2016. (ECF No. 1.)[3]

## II. <u>Scope of Federal Habeas Review</u>

The role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited. *Williams v. Taylor*, 529 U.S. 362, 403–04 (2000). Under § 2254(a), federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the

---

[3] Although the docket reflects that Petitioner is currently incarcerated at Northwest Florida Reception Center, according to the FDOC's online inmate locator, Petitioner was released on September 6, 2016, and is currently on supervised released until September 5, 2018. *See* Florida Department of Corrections, http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=565841 &TypeSearch=AO&NoP=1 (last updated September 17, 2017). Thus, although Petitioner failed to update his address with the Court as directed when he initiated this case, it appears that Petitioner has since been released from prison.

Petitioner's release, however, does not render his Petition moot. "If a petitioner's sentence expires while his habeas petition is awaiting adjudication, some collateral consequence must be present in order to satisfy the case-or-controversy requirement." *Watkins v. Haynes*, 445 F. App'x 181, 183 (11th Cir. 2011) (citing *Carafas v. LaVallee*, 391 U.S. 234, 237–38 (1968)). When a prisoner serves excess time in prison, a district court may exercise their discretion under 18 U.S.C. § 3583(e) to reduce or terminate the term of supervised release. *United States v. Johnson*, 529 U.S. 53, 60 (2000). In the event that Petitioner succeeds on the merits of the Petition, the Court could alter the supervised release portion of his sentence. Accordingly, the Petition is not moot.

Constitution or laws or treaties of the United States.'").

"[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers,* 497 U.S. 7654, 780 (1990)). "Questions of state law rarely raise issues of federal constitutional significance, because 'a state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'" *Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991) (quoting *Carrizales v. Wainwright*, 699 F.2d 1053, 1053–54 (11th Cir. 1983)). Federal habeas relief will only be granted for state law errors if the alleged errors were so critical that they rendered the entire trial fundamentally unfair in violation of the right to due process. *Id.*; *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).

A violation of a state statute or rule of procedure is not, however, in itself a violation of the federal constitution. *Engle v. Isaac*, 456 U.S. 107, 120–21 (1982); *Branan*, 861 F.2d at 1508. The limitation on federal habeas review applies with equal force when a petition, which truly involves only state law issues, is "couched" in terms of alleged constitutional violations. *Branan*, 861 F.2d at 1508.

Additionally, federal courts must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary

to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* § 2254(d)(1). "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67; *Carrizales*, 699 F.2d at 1054–55.

### III.  Discussion

### *A.    Grounds One, Two, and Three*

Although Petitioner purports to bring four grounds for relief, grounds one through three of the Petition do not present actual claims for habeas corpus relief. Ground one merely lays out the procedural history in the postconviction court. (ECF No. 1 at 16.) Ground two lays out the procedural history in the First DCA. (*Id.* at 19–20.) And ground three lays out the procedural history in the Florida Supreme Court. (*Id.* at 22–24.) None of these three grounds include any arguments or citations that can be construed as raising a federal habeas claim. Grounds one through three therefore fail to state a claim for relief and should be denied.

### *B.    Ground Four*

In ground four Petitioner argues: (1) the state court failed to make the proper findings necessary for community control; (2) the state court unlawfully sentenced him to a term of probation and prison; (3) the state

court failed to prosecute his criminal case by rendering its order outside of the ninety-day statute of limitations for decision making; (4) the First DCA erred in treating his petition for writ of habeas corpus as a petition for writ of mandamus; (5) the First DCA erred in dismissing his petition without explanation; and (6) the Florida Supreme Court erroneously determined that his petition was procedurally barred. Petitioner contends these errors were in violation of state law, the Florida Rules of Criminal and Appellate Procedure, and the Fourth, Fifth, Eighth, and Fourteenth Amendments. (*Id.* at 26–29.)

For starters, to the extent Petitioner argues that the state courts erred under Florida law and Florida Rules of Criminal and Appellate Procedure, his claim presents a purely state law issue for which federal habeas relief is not available. Although Petitioner contends that the state courts' errors resulted in a violation of due process and equal protection, it is clear that this claim is based exclusively on state law issues. Despite Petitioner's conclusory assertion that these errors deprive him of due process and equal protection, analysis of his claims would require this Court to "conduct an examination of Florida case law and of the Florida Rules of Criminal Procedure." *Branan*, 861 F.2d at 1508. Merely couching his claims by using the terms equal protection and due process (without

more) is insufficient to give rise to a federal habeas claim. *Id.* (quoting

*Willeford v. Estelle*, 538 F.2d 1194, 1198 (5th Cir. 1976)).

There are two other fundamental problems with Petitioner's claims in

ground four. First, even assuming he had asserted a federal claim (which

he has not) the claim would relate back to his argument that he was

sentenced to an unlawful term of imprisonment as a condition of probation.

Petitioner, however, did not file a direct appeal of his sentence, nor did he

appeal the denial of his 3.800(a) motion. Thus, to the extent his claim is

construed as a federal claim, his claim is unexhausted and now

procedurally defaulted. *See* Fla. R. Crim. P. 3.800(a).[4]

---

[4] "A procedurally defaulted claim can support federal habeas relief in only two narrow situations. First the petitioner may demonstrate cause and prejudice." *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008). "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him . . . ." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). Some examples of "cause" include a showing that the factual or legal basis for a claim was not reasonably available to counsel, and that some interference by officials made compliance impracticable. *Id.* Attorney error that constitutes ineffective assistance of counsel violative of the Sixth Amendment can render "cause." *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012); *Murray v. Carrier*, 477 U.S. 478, 487 (1986). But, an ineffective assistance of counsel claim must generally be presented to the state courts as an independent claim before it can be used to establish cause for a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) (citing *Murray*, 477 U.S. at 489). In such case, unless the prisoner can satisfy the cause and prejudice standard for the procedurally defaulted ineffective assistance of counsel claim, the ineffective assistance of counsel claim cannot serve as cause for the default. *Id.* To show prejudice, the petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different had the constitutional violation not occurred. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

Second, the petitioner may show that enforcing the procedural default would result in a fundamental miscarriage of justice. *Mize v. Hall*, 532 F.3d at 1190. To show a fundamental miscarriage of justice, the petitioner must show that in light of new

Secondly, and putting aside that Petitioner federal claim is procedurally defaulted, Petitioner's federal claim has no merit. As the state court explained, Petitioner was sentenced to a term of imprisonment for twenty-eight months followed by two years of drug offender probation. Petitioner received a probationary split sentence, which is authorized by Fla. Stat. § 921.187(1):

> The alternatives provided in this section for the disposition of criminal cases shall be used in a manner that will best serve the needs of society, punish criminal offenders, and provide for rehabilitation. If the offender does not receive a state prison sentence, the court may: (a) Impose a split sentence whereby the offender is to be placed on probation upon completion of any specified period of such sentence, which period may include a term of years or less.

See *Daniels v. State*, 870 So. 2d 250, 253 (Fla. Dist. Ct. App. 2004) (distinguishing a "probationary split sentence," which is a prison term followed by a term of probation, with a "true split sentence," which is a prison term with a portion of the term suspended, where the defendant is placed on probation for the suspended portion of the term).  Based on the record before this Court, there is nothing unlawful about Petitioner's

---

evidence, no reasonable juror would have convicted him. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

    Petitioner, however, cannot show cause or prejudice for his default, nor can he show that enforcing the procedural default would result in a fundamental miscarriage of justice. Petitioner offers no explanation for failing to properly exhaust this claim.

probationary split sentence.  Accordingly, even if Petitioner's claim was liberally construed as a federal claim and the claim was properly exhausted and not procedurally defaulted, Petitioner's claim fails because it has no merit.  Ground four is due to be denied.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district

judge in the objections permitted to this report and recommendation.

## IV. <u>CONCLUSION</u>

For the foregoing reasons it is respectfully **RECOMMENDED** that the

Petition for a writ of habeas corpus, ECF No. 1, SHOULD be **DENIED**, and

that a certificate of appealability SHOULD be **DENIED**.

**IN CHAMBERS** this 19th day of September 2017.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.